## TYLER COMMERCIAL COLLEGE v. HESLEP.

### No. 4038.

Court of Civil Appeals of Texas. Texarkana. Sept. 25, 1931.

Rehearing Denied Oct. 1, 1931.

Butler, Price & Maynor, of Tyler, for appellant.

Warren, Lasseter & Warren, of Tyler, and Sheffield & Coates, of Helena, Ark., for appellee.

SELLERS, J.

This suit was instituted in the county court of Smith county, Tex., by the appellee against the appellant on September 19, 1930, to recover of appellant the sum of $218, being the amount of tuition paid by appellee to appellant for a business course in its college.

Appellee alleged in his petition that he paid said sum of money for a business course in the appellant college, but that the appellant refused to permit the appellee to complete his course, but, on the contrary, expelled him from the institution without reasonable grounds, and that thereby appellant had breached its contract with appellee.

The appellant answered by general demurrer, general denial, and by specially answering that it did not expel appellee from its college, but that it only suspended him for violating the rules of the college and was ready and willing to receive him back as a student, provided he would observe the rules of the college. That it, the appellant, had offered to accept the appellee back as a student to continue his course in the college if and when he would obey the rules of the college for the government of the school and student body. That the appellee refused to do so, and that at no time had the appellee been expelled by the appellant.

At the trial of the case in the county court December 16, 1930, before the court and jury, a verdict was rendered in answer to special issues submitted to the jury by the court, upon which verdict the court entered judgment for the appellee for the sum sued for. The appellant in due time perfected its appeal to this court, and the case is now before this court for review.

At the close of the evidence, the appellant requested the court to instruct the jury to return a verdict for the defendant. The court refused to so instruct the jury, and such refusal is made the basis of the appellant's second assignment of error on this appeal, which assignment is as follows: "The appellee sued for the refund of tuition in the appellant college by reason of having been wrongfully expelled from that institution and the uncontradicted proof having shown that the appellee was not expelled from the college but was simply suspended until he agreed to observe the rules for the government of the college, there was a fatal variance between the allegation and the proof and the court erred in not giving the defendant's instructed verdict in its favor."

In the light of the record of this case, and especially of the testimony of Pope Heslep himself, this assignment will be sustained. It is perfectly clear to this court, and, in fact, uncontradicted in the record, that appellee was not expelled from appellant college, but at most was only suspended for two weeks for repeated violation of the rules governing the student body of the college, and had the appellee so desired at the end of the two weeks'

suspension period, or even now, could return to appellant college and continue his studies by simply presenting himself and observing the rules of the college.

Because of the error herein discussed, the judgment of the trial court will be reversed, and judgment here rendered for appellant.